

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| RUBEN BANUELOS, | ) | |
| Plaintiff, | ) | |
| vs. | ) | 3:10-cv-00300-RCJ-RAM |
| PINNACLE FINANCIAL CORP. et al., | ) | ORDER |
| Defendants. | ) | |

This is a standard foreclosure case involving one property. The Complaint is a fifty-six-page MERS-conspiracy type complaint listing thirteen causes of action. The case is not part of Case No. 2:09-md-02119-JAT in the District of Arizona but appears eligible for transfer. Pending before the Court is a motion to remand, two motions to dismiss, and a motion to amend the Complaint. For the reasons given herein, the Court denies the motions to remand and amend and grants the motions to dismiss in part.

I. THE PROPERTY

Carlos A. and Ruben Banuelos gave lender Pinnacle Financial Corp. ("Pinnacle") a $188,932 promissory note, secured by a deed of trust ("DOT") to purchase real property at 17814 Georgetown Dr., Cold Springs, NV 89506 (the "Property"). (DOT, Feb. 1, 2007, ECF No. 12-1). First American Title Co. of Nevada ("First American Nevada") was the trustee. (*See id.*). Plaintiff defaulted, and First American Title Insurance Co. ("First American"), as agent for BAC

1  Home Loans Servicing, LP ("BAC"), filed a notice of default ("NOD"). (NOD, June 19, 2009,
2  ECF No. 12-2). Two days later, BAC substituted Trustee Corps as trustee. (Substitution, June
3  21, 2009, ECF No. 12-3). Trustee Corps noticed a sale for October 13, 2009. (Notice of
4  Trustee's Sale ("NOS"), Sept. 23, 2009, ECF No. 12-5). It noticed a second sale for April 9,
5  2010. (Second NOS, Mar. 20, 2010, ECF No. 12-6).

6  First American filed the NOD on June 19, 2009. First American Nevada was still the
7  trustee at this time. It is not clear that these were the same entity, and even if they were, First
8  American apparently filed the NOD at the direction of BAC, which did not yet own the
9  beneficial interest in the loan even if MERS had the ability to transfer the loan from Pinnacle to
10 BAC as it later purported to do on July 2, 2009. There is question of fact as to statutorily
11 defective foreclosure.

12 II.  ANALYSIS

13 The affirmative claims fail for reasons given in other substantively identical cases. No
14 nuances appear in this case in that regard. Plaintiff has not responded substantively to the
15 motions to dismiss but has filed memorandums specifically refusing to do so.

16 Plaintiff also moves to remand for lack of jurisdiction. Defendants removed based on
17 both federal question and diversity jurisdiction. Plaintiffs have not alleged that any Defendants
18 are Nevada citizens except Adriana Hernandez and First American Nevada. Ms. Hernandez is
19 fraudulently joined, because she is simply alleged to be an employee of one of the Defendant
20 companies and is not plausibly independently liable on any claim herein. First American
21 Nevada is also not plausibly alleged to have committed any wrongdoing. First American
22 apparently filed the NOD at the direction of the wrong entity, but First American Nevada
23 appears to be a separate entity. In fact, First American Nevada was the original trustee, and it
24 would have been proper for First American Nevada to have filed the NOD. Next, the amount in
25 controversy is approximately $190,000, based on the approximate value of the subject property.

Additionally, Plaintiff requests compensatory damages in excess of $10,000, treble statutory damages based on losses plus the reduction in value of the property since purchase, punitive damages, and attorney's fees and costs. The amounts prayed for could easily total over $75,000 if the claims were valid. There is therefore diversity jurisdiction under 28 U.S.C. § 1332, and the Court need not address federal question jurisdiction under § 1331.

If amendment were granted as requested, the new claim under NRS section 649.370 would depend dispositively on the determination of an identical federal claim under 15 U.S.C. § 1692 and would therefore support federal question jurisdiction, as well, without the Court even examining Defendants' contention that federal question jurisdiction is supported based on claims of TILA and RESPA violations pled under various other causes of action. As to the merits of the putative new claim, lenders and foreclosing entities are simply not debt collectors under the statute. The proposed amendment would not cure any deficiencies.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Remand (ECF No. 3) is DENIED.

IT IS FURTHER ORDERED that the Motions to Dismiss (ECF Nos. 6, 11) are GRANTED in part and DENIED in part. All claims are dismissed except that for statutorily defective foreclosure.

IT IS FURTHER ORDERED that the Motion to Amend (ECF No. 19) is DENIED.

IT IS SO ORDERED.

Dated this 24th day of March, 2011.

_____
ROBERT C. JONES
United States District Judge