**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RUBEN BANUELOS aka RUBEN BANUELOS-CHAVEZ,<br><br>　　Plaintiff,<br><br>　　v.<br><br>PINNACLE FINANCIAL CORPORATION, et al.,<br><br>　　Defendants. | 3:10-cv-300-RCJ-WGC<br><br>**ORDER** |

Currently before the Court is Certain Defendants' Motion for Judgment on the Pleadings (#32).

**BACKGROUND**

**I.　Foreclosure Facts**

Plaintiff Ruben Banuelos executed a note secured by a deed of trust on a piece of property located at 17814 Georgetown Drive, Cold Springs, Nevada, which was recorded in Washoe County on February 27, 2007. (Deed of Trust (#12-2) at 2, 4). The mortgage, dated February 21, 2007, was for $188,932. (*Id.* at 2). The lender on the deed of trust was Pinnacle Financial Corporation. (*Id.*). The trustee on the deed of trust was First American Title Company of Nevada. (*Id.*). The Mortgage Electronic Registration System, Inc. ("MERS") was named as "a nominee for Lender and Lender's successors and assigns" and claimed to be the beneficiary under the security instrument. (*Id.*).

On February 1, 2009, Plaintiff defaulted on his mortgage payments for an unspecified amount. (*See* Notice of Default (#12-3) at 3).

On June 19, 2009, First American Title Insurance Company, as agent for Trustee

Corps, who was the agent for BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing LP executed a notice of default and election to sell under the deed of trust. (Notice of Default (#12-3) at 2, 4). The notice of default identified MTC Financial, Inc. dba Trustee Corps as the substituted trustee. (*Id.* at 3). The notice of default identified the breach of obligations as "the installment of principal and interest which became due on 02/01/2009 and all subsequent installments of principal and interest, along with late charges, plus foreclosure costs and legal fees." (*Id.*).

On June 21, 2009, BAC Home Loans Servicing executed a substitution of trustee that replaced MTC Financial Inc. dba Trustee Corps as the trustee for First American Title Company of Nevada. (Substitution of Trustee (#12-4) at 2-3).

On July 2, 2009, MERS executed an assignment of deed of trust and transferred all beneficial interest under the deed of trust to BAC Home Loans Servicing. (Assignment of Deed of Trust (#12-5) at 2-3).

On September 24, 2009, Trustee Corps recorded a notice of trustee's sale with the Washoe Country Recorder's office. (Notice of Trustee's Sale (#12-6) at 2, 4). On March 22, 2010, Trustee Corps recorded another notice of trustee's sale with the Washoe County Recorder's office. (Second Notice of Trustee's Sale (#12-7) at 2-3).

## II.    Remaining Cause of Action

In May 2010, Defendants BAC Home Loans Servicing, LP and MERS filed a petition for removal and attached Plaintiff's 56-page complaint. (*See* Pet. for Removal (#1)). In March 2011, this Court dismissed all claims "except that for statutorily defective foreclosure." (Order (#28) at 3). The Court noted that BAC Home Loans had directed its agent to file a notice of default even though BAC Home Loans had no beneficial interest in the loan at that time. (*Id.* at 2).

On April 14, 2011, Trustee Corps rescinded the trustee's deed upon sale and stated that the trustee's sale had been conducted in error. (Rescission of Trustee's Deed Upon Sale (#33) at 10-11). The rescission stated that the notice of default recorded on June 22, 2009 was still in full force and effect. (*Id.* at 10).

2

On September 6, 2011, Trustee Corps recorded a notice of rescission of the notice of default that had been recorded on June 22, 2009. (Notice of Rescission (#33) at 14-15).

## LEGAL STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure provides: "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "For purposes of the motion, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." *Hal Roach Studios, Inc. v. Richard Feiner and Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Id.*

The standards governing a Rule 12(c) motion for judgment on the pleadings are the same as those governing a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir.1989). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir.1986). The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## DISCUSSION

Defendants Bank of America, N.A. and MERS filed a motion for judgment on the pleadings. (Mot. for J. on the Pleadings (#32) at 1). Defendants argue that the Court should dismiss the statutorily defective foreclosure claim because both the foreclosure sale and the notice of default have been rescinded. (*Id.* at 2). Defendants argue that the remaining claim

3

is now moot. (*Id.*).

Plaintiff filed a non-responsive opposition. (*See* Opp'n to Mot. (#37)). Defendants filed a reply. (Reply to Mot. (#39)).

In this case, the Court grants the motion for judgment on the pleadings. Because Defendants have rescinded the defective notice of default and trustee's sale, there is no longer a claim for statutorily defective foreclosure. Although Plaintiff may have a future cause of action for statutorily defective foreclosure upon the filing of a new notice of default, there is no cause of action at this time. As such, the Court grants the motion for judgment on the pleadings (#32).

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Certain Defendants' Motion for Judgment on the Pleadings (#32) is GRANTED.

There are no causes of action remaining in this case. The Clerk of the Court shall enter judgment accordingly.

DATED: This 11th day of May, 2012.

_____
United States District Judge